**Opinion issued February 25, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00027-CR

———————————

**EARL WILMORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Court Case No. 13-17241**

---

## MEMORANDUM OPINION

In accordance with a plea bargain with the State, the trial court entered an order deferring adjudication and placing appellant, Earl Wilmore, on five years' community supervision. The State moved to adjudicate and the trial court found Wilmore had violated conditions of his community supervision and adjudicated

him guilty of the state jail felony offense of forgery. *See* TEX. PENAL CODE ANN. § 32.21 (West 2011). The trial court imposed a sentence of confinement for two years in the State Jail division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2015). Wilmore timely filed a notice of appeal.

Wilmore's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Although Wilmore received a copy of the record and was advised of his right to file a response, he did not do so.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Terence Holmes must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).